UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN COYLE,<br>Booking No. 16156062,<br><br>                       Plaintiff,<br><br>         vs.<br><br>UNKNOWN, et al.,<br><br>                   Defendants. | Case No.:  3:15-cv-02867-LAB-AGS<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) AND 28 U.S.C. § 1915A(b)(1)** |

JUSTIN COYLE ("Plaintiff"), who was a pretrial detainee at George Bailey Detention Facility ("GBDF") at the time he initiated suit, (*see* ECF No. 1), but whom has since been transferred to the San Diego Central Jail, where the Court presumes he is either still awaiting trial or sentence, (ECF No. 37), is proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.

The Court has granted Plaintiff leave to proceed in forma pauperis, but has dismissed his original (ECF No. 1), and second amended complaints (ECF No. 4) for failing to state a claim with leave to amend. (ECF Nos. 2, 18.) Plaintiff has since unsuccessfully appealed (ECF Nos. 19, 24, 27), and after being granted an extension of time, has now filed his Third Amended Complaint ("TAC") (ECF No. 34).

///

Because Plaintiff's latest pleading still fails to state a claim, the Court now dismisses the entire action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) without further leave to amend.

## Background

Plaintiff's TAC is sparse and, as was true of his original complaint, he identifies no individual defendants and he alleges no violations of any specific constitutional right. For example, in "Count One," Plaintiff claims 5 bags of Maxwell House coffee, various items from 2 "internet purchase hygiene kits" and other miscellaneous items worth $126.55 were taken from him on October 7, 2015, when he was extracted from his cell. (ECF No. 34 at 1.) In "Count Two," Plaintiff claims he was "assaulted by two separate SD County Jail staff" while returning from court on January 7, 2016. (*Id.* at 2.) Plaintiff also claims that afterward, an unidentified nurse "ignored [his] orders … not [to] touch [his] butto[cks]," and "pricked" him with a needle. (*Id.*) Plaintiff "believe[s] this incident was for humiliation purposes," and constituted a "sexual attack." (*Id.* at 3.) Finally, in "Count Three," Plaintiff claims he was "falsely imprisoned" for ten days after he was "given an O.R." on September 29, 2014, by the East County San Diego Superior Court. (*Id.*)

## Discussion

### A.    Legal Standards for Screening per 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

Because Plaintiff remains a prisoner and is proceeding IFP, his TAC requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). "The purpose of § 1915A is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir.

2

2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

As Plaintiff is now well aware, the Prison Litigation Reform Act requires the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these screening statutes, the Court must sua sponte dismiss complaints, or any portions of them, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. The court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir.

3

2010), but it "may not supply essential elements of the claim that were not initially pled." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011) (citations omitted).

**B.       Application to Third Amended Complaint**

Plaintiff's TAC suffers from the same critical deficiencies of pleading as his prior pleadings and therefore, it must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

As an initial and overall matter, both the Rules of Federal Procedure and the Civil Rights Act require Plaintiff to, *at minimum*, identify the persons he seeks to sue, and allege at least some non-conclusory facts from which the Court might "draw the reasonable inference" that each defendant has violated the Constitution. *Iqbal*, 556 U.S. at 676-78. While Rule 8 does not impose a "hyper[-]technical, code-pleading regime," it "demands more than [the] unadorned, the-defendant-unlawfully-harmed-me accusation[s,]" *id.* at 678, Plaintiff continues to make in this case, despite having the benefit of two prior Orders explaining the deficiencies of his approach. *See* ECF Nos. 2, 18.

Specifically, as to any allegedly unauthorized, negligent, or even intentional deprivation of his personal property, Plaintiff was advised such claims could not proceed under § 1983 because the State provides an adequate post-deprivation remedy through the California Tort Claims Act. *See* ECF No. 18 at 8 (citing *Zinermon v. Burch*, 494 U.S. 113, 129-32 (1990); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994)). Therefore, to the extent Plaintiff continues to contend his coffee, hygiene kits, and other canteen purchases were "taken from [him] and never returned," (ECF No. 34 at 1), he still fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); 1915A(b)(1).

Plaintiff's January 7, 2016 "assault" claims fare no better. *See* ECF No. 34 at 2. Again, Plaintiff was previously apprised that his failure to offer any "explanation whatsoever" as to the circumstances giving rise to this incident, identify the defendants

4

involved, describe the necessity for, type or severity of the force used, or to explain whether he was injured or resisting, was insufficient to support a plausible excessive force claim. (ECF No. 18 at 7-8, citing *Kingsley v. Hendrickson*, __ U.S. __, 135 S. Ct. 2466, 2473 (2015) (noting that excessive force claims alleged by pretrial detainees require allegations that defendants' application of force was objectively unreasonable).) Plaintiff's TAC still fails to identify any person who is alleged to have "assaulted" him, and still fails to contain any "factual content that allow the court to draw the reasonable inference that [any] defendant is liable." *Iqbal*, 556 U.S. at 678 ("'[N]aked assertion[s]' devoid of 'further factual enhancement'" are insufficient to "'state a claim for relief that is plausible on its face.'") (quoting *Twombly*, 550 U.S. at 557, 570).

Finally, to the extent Plaintiff also claims to have been "falsely imprisoned" for ten days, (ECF No. 34 at 3), he again fails to identify any person who may be held liable for "illegally ke[eping] him" after he alleges to have been ordered released. *See Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under [§] 1983 arises only upon a showing of personal participation by the defendant."). Even more critically, however, the Court finds this type of claim may not even be brought in a § 1983 action–for it amounts to a challenge against both the length and the validity of his incarceration. A petition for habeas corpus is Plaintiff's sole judicial remedy when attacking "the validity of the fact or length of ... confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973); *Young v. Kenny*, 907 F.2d 874, 875 (9th Cir. 1990).

Based on this authority, and in light of Plaintiff's multiple opportunities to fix his pleadings, the Court finds his TAC must now be dismissed without further leave to amend, because he has continually failed to state any plausible claim upon which § 1983 relief may be granted. *See Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

## Conclusion and Order

The Court dismisses Plaintiff's Third Amended Complaint and this civil action in its entirety for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), denies leave to further amend as futile, *see*

5

*Hartmann v. CDCR*, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile."), certifies that an IFP appeal of this Order would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and directs the Clerk of Court to enter judgment and close the file.

  IT IS SO ORDERED.

Dated: March 6, 2017

              _____
              HON. LARRY ALAN BURNS
              United States District Judge